**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURJIT SINGH, | No. 14-72768 |
| Petitioner, | Agency No. A075-306-791 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Gurjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion as untimely and number-barred, where Singh has not established that any statutory or regulatory exception to the filing limitations applies. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3) (setting forth exceptions to the filing limitations for motions to reopen). Singh's claims that he was rendered ineffective assistance of counsel and that conditions in India have materially changed were vague and unsubstantiated. *See* 8 C.F.R. § 1240.8(d) (it is the alien's burden to establish eligibility for relief).

The BIA did not abuse its discretion in declining to continue the proceedings, where Singh failed to present evidence that he is the beneficiary of a visa petition or application for labor certification filed prior to April 30, 2001. *See* 8 U.S.C. § 1255(i); 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown). We lack jurisdiction to review the BIA's denial of administrative closure. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1120 (9th Cir. 2009).

Singh's contentions that the agency failed to make clear and complete findings of fact and relied upon outdated reports in denying his motion are not supported by the record.

14-72768

Singh's contention that denial of his motion to reopen constitutes or will result in a due process violation therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

We decline to consider evidence regarding prior counsel that was not included with Singh's motion to reopen. *See Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1290 n. 7 (9th Cir. 2004) ("[W]e may not consider any information beyond what the BIA had before it at the time of its decision.").

We lack jurisdiction to consider any contentions raised for the first time in Singh's briefs before this court regarding his prior counsel's alleged ineffective assistance or conditions in India. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."). We also lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

Singh's request that his case be held in abeyance is denied.

In light of this disposition, we need not reach Singh's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**